FILED
SEP 10 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 12-30082-WDS |
| vs. | ) |
| | ) |
| JOHN ROBERT EDDY, | ) |
| | ) |
| Defendant. | ) |

**PLEA AGREEMENT**

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

**I.**

1. By pleading guilty, the Defendant fully understands that Defendant is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver

of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will occur and that the only action remaining to be taken in this case is the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce Defendant to enter into the Plea Agreement and Stipulation of Facts.

4. It is further understood that the Plea Agreement is limited to the Southern District of Illinois, and cannot bind other federal, state or local prosecuting authorities. It is further understood that the Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving Defendant.

5. Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant agrees that the full amount of the special assessment will be paid prior to or at the time of sentencing.

6. Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2011, are, for imprisonment: $2,407.78 per month; for community confinement: $2,180.27 per month; and for supervision: $286.11 per month. The Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all

financial information with the United States Attorney's Office and the Defendant waives any rights Defendant may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

8. Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

9. The Defendant understands and agrees that if Defendant commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on the Defendant any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw the plea of guilty.

10. The Defendant has read the Plea Agreement and has discussed it with defense counsel, understands it, and agrees to be bound by it.

## II.

1. The Defendant states that he is actually guilty and will enter a plea of guilty to the single count of the Indictment charging a conspiracy to commit mail and wire fraud, in violation of

Title 18, United States Code, Section 1349. The maximum penalty that can be imposed for the violation is 20 years imprisonment or a $250,000 fine, or both, and 3 years supervised release. This case is also subject to the sentencing provisions of the SCAMS Act, Title 18, United States Code, Section 2326. Under the provision of the SCAMS Act, since this case involves telemarketing, in addition to the statutory penalties for violation of the conspiracy statute, defendant is also subject to an additional term of imprisonment of up to five years. Accordingly, the maximum penalty that can be imposed for the single count is 25 years imprisonment, a $250,000 fine, or both, and 5 years supervised release.

2.   The Government and the Defendant agree that the following constitute the essential elements of the offense:

First, that the conspiracy charged in the indictment existed.

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

The Defendant agrees and admits that his conduct violated these essential elements of the offense.

3.   The Government and the Defendant submit to the Court that it appears that under the Sentencing Guidelines, after all factors have been considered, Defendant will have a maximum Offense Level of 21 and a Criminal History Category of III, where the sentencing range is 46-57 months and the fine range is between $7,500 and $75,000. The Government and Defendant also submit to the Court that this submission is not intended to be binding on the Court and that the Court ultimately will determine the guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of

4

the guideline range found or the sentence imposed by the Court, he will not be permitted to withdraw his plea. The Government and the Defendant agree that the offense level and the criminal history category calculations submitted by the parties herein constitute the parties' good faith efforts to inform the Court of their beliefs as to the applicable sentencing range and acknowledge that it is the Court which is ultimately responsible for determining the applicable Guideline range and determining the sentence which will be imposed. The Government agrees to recommend a sentence and fine that is at the low end of the range ultimately found by the Court. The Government specifically reserves the right to argue for, present testimony, or otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines, and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense(s) and the criminal history and characteristics of the Defendant.

5.      The Defendant and the Government agree that the initial Guideline Offense Level in this case is 7, pursuant to U.S.S.G. §2B1.1(a)(1).[1]  Since the loss related to defendant's conduct was more than $120,000, but less than $200,000, the level is increased by 10 pursuant to U.S.S.G. §2B1.1(b)(1)(F), to 17 points. Since there were more than 50 victims but less than 250 victims, the Government and the Defendant agree that the level is increased by 4, pursuant to U.S.S.G. §2B1.1(b)(2)(B), to 21 points.

---

[1]     The 2012 Guidelines Manual was used in the calculation of the Sentencing Guidelines.

6. The Defendant and the Government agree that no victim-related adjustments apply to this offense. See U.S.S.G. § 3.A.

7. The Government maintains that Defendant was a manager or supervisor of a criminal activity that involved five or more participants or was otherwise extensive and that, therefore, the Defendant's base level should be increased by 3 levels to Offense Level 24 under U.S.S.G. §3B1.1(b).

8. The Defendant and the Government agree that the Defendant has not obstructed justice in this case and therefore, pursuant to U.S.S.G. § 3C1.1, the Defendant's base offense level should not be increased.

9. The Defendant and the Government agree that the Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for this criminal conduct, and the Government will recommend a reduction of 3 Levels, reducing the Offense Level to 21 from Offense Level 24. See U.S.S.G. § 3E1.1(b).

10. <u>Defendant and the Government submit to the Court that it appears that the Defendant has amassed (0) Criminal History point and that, therefore, his Sentencing Guideline Criminal History Category is I. The Defendant and the Government arrived at this Category based upon the following information:</u>

| DATE | OFFENSE & CASE NO. | DISPOSITION | GUIDELINE | SCORE |
|---|---|---|---|---|
| 11/22/01 | Ct. 1: Driving Under the Influence<br>Ct. 2: Possession of Marijuana<br>Ct. 3: Unlawful Possession of Alcoholic Beverage<br>Ct. 4: Driving While License Suspended/Cancelled/Revoked | Cts. 2 & 5: Dismissed<br><br>Ct. 3: Guilty, Adjudication Withheld<br><br>Ct. 1 & 4: Guilty, 12 months probation; 100 hours community | 4A1.1(c) | 1 |

6

| | | | | |
|---|---|---|---|---|
| | Ct. 5: Open Container of Alcohol - Driver<br><br>Palm Beach, FL County Court<br>Case No. 01MM027649AXX | service; driver's licenses suspended 5 years; ordered to attend DUI school; unknown fine and costs | | |
| 7/23/2002 | Retail Theft<br><br>Palm Beach, FL County Court<br>Case No. 02MM017434AXX | Guilty<br><br>6 months of probation; unknown fine and costs | 4A1.1(c) | 1 |
| 12/03/2006 | Ct. 1: False Imprisonment or Kidnapping of an Adult<br>Ct. 2: Battery<br><br>Port St. Lucie, FL County Court<br>Case Nos. 06-5963-CF & 07-360-MM | Ct. 1: Dismissed<br><br>Ct. 2: Guilty, 12 months of probation; unknown fine and costs | 4A1.1(c) | 1 |
| 1/11/2009 | Trespassing Property Not Structure or Conveyence<br><br>Palm Beach, FL County Court<br>Case No. 09MM0000574AXX | Guilty, sentenced to time served | 4A1.1(c) | 1 |
| 12/04/2009 | Ct. 1: Driving Under Influence - Alcohol or Drugs<br>Ct. 2: Refusal to Submit Chemical or Physical Test<br>Ct. 3: Operating While Suspended/Cancelled/Revoked<br>Ct. 4 | Ct. 4: Dismissed<br><br>Ct. 3: Guilty, Adjudication Withheld<br><br>Ct. 1 & 2: Guilty, 12 months of probation; 9 months in jail; 50 hours of community service; unknown fine and costs | 4A1.1(b) | 2 |
| | | | Total Points: 6<br>Criminal History Category III | |

7

<u>The Defendant expressly recognizes that the final calculation will be determined by the Court after considering the Presentence Report, the views of the parties and any evidence submitted prior to sentencing.  Defendant recognizes that, regardless of the criminal history found by the Court, he will not be able to withdraw his plea.</u>

11.     The Defendant understands that the Government will recommend the imposition of a fine at the low end of the guideline range.  The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

12.     The Defendant and the Government agree that under provisions of the SCAMS Act, Title 18, United States Code, Section 2327(a) & (b)(4), restitution is mandatory in this case.  Defendant understands that the Government will ask for restitution under 18 U.S.C. §2327(a) & (b)(4), 18 U.S.C. §3663A, to the extent that an accounting of the losses to each victim is practicable under the procedures specified by 18 U.S.C. §3664.

13.     Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter.  Said cooperation will include signing all releases, as requested.

### III.

1.      The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses, and have explored all areas which the Defendant has

requested relative to the Government's case and his defense. Defendant reserves the right to appeal the reasonableness of his sentence.

2. The Defendant acknowledges that the Government has provided sufficient discovery to allow him to make an informed decision to plead guilty in this case.

IV.

There are no matters in dispute

STEPHEN R. WIGGINTON
United States Attorney

_____
JOHN ROBERT EDDY
Defendant

_____
BRUCE E. REPPERT
KATHERINE L. LEWIS
Assistant United States Attorneys

_____
ERIC W. BUTTS
Attorney for Defendant

Date: 9/10/12

Date: 9/10/12